IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ERIC QUALLS #350324, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:15-cv-00270 |
| DEBRA JOHNSON, et al., | ) ) | Judge Campbell |
| Defendants. | ) | |

## MEMORANDUM

Plaintiff Eric Qualls, an inmate of the Northwest Correctional Complex in Tiptonville, Tennessee, has filed this *pro se* civil rights action under 42 U.S.C. § 1983. (ECF No. 1.) The complaint (Docket Entry No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.      Standard of Review**

Under the PLRA, the court must conduct an initial review of any civil complaint filed in forma pauperis, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

## II.  Factual Allegations

Plaintiff alleges that on March 29, 2014, he filed a prison grievance about an unreasonable time limit imposed on his housing unit's breakfast by Defendants Mason and Mathis, which resulted in the prison administration's sustaining his grievance and overruling the Defendants' time limit. Plaintiff alleges that the day after his grievance against Mason and Mathis was sustained, Mason and Mathis retaliated against him by ordering him to stand against a wall at attention for an hour as punishment for failing to lock his combination lock, and then issuing him a disciplinary write-up for refusing to obey a direct order when he refused to do so. Plaintiff alleges that Defendant Murphy acted in concert with Mason, Mathis and Defendant Smith to find Plaintiff guilty of the disciplinary offense, which added at least seven days to the length of his incarceration, caused him to lose his job assignment, and caused Defendant Culp to increase his security level. Plaintiff alleges that his punishment for the disciplinary offense was more severe than punishments given to at least eleven inmates who committed the same or greater infractions than his. He further alleges that Defendant Johnson, the prison warden, "condoned, encouraged, or knowingly acquiesced" in the other Defendants' misconduct.

In addition to the alleged retaliation, Plaintiff alleges that the Defendants subjected him to racial

discrimination. He attaches documentation in which he states that he is black, and that he was not permitted to go outside to work while his disciplinary charge was pending, while several white inmates with pending disciplinary charges were allowed to work. He states that the different treatment was based solely on his race.

### III.     Discussion

Plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

Plaintiff's allegation that he was given a disciplinary write-up and severely punished in retaliation for filing a successful grievance about Defendants Mason and Mathis states a claim for unconstitutional retaliation. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). That claim is barred from prosecution, however, because it necessarily implies the invalidity of Plaintiff's disciplinary conviction and extended length of confinement. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). The United States Supreme Court has extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). More recently, the court has explained that "a state prisoner's § 1983 action is barred (absent prior invalidation [of his conviction or sentence])-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Because Plaintiff alleges that the length of his incarceration was prolonged as a result of his disciplinary conviction, his collateral attack on that conviction through § 1983 is barred by *Heck* and *Balisok*.

Plaintiff's claim of racial discrimination against him while the disciplinary charge was pending, however, is not intertwined with the validity of the disciplinary conviction, and will be allowed to proceed. Plaintiff's allegation that he was treated worse than similarly situated white inmates solely on the basis of his race states a claim for violation of his right to equal protection. *See LaFountain v. Harry*, 716 F.3d 944, 950 (6th Cir. 2013) (citing *Boone v. Spurgess*, 385 F.3d 923, 932 (6th Cir. 2004)). Unfortunately, however the *pro se* Complaint fails to specify which of the Defendants were personally responsible for this alleged violation, as distinct from the alleged retaliation. The Plaintiff must file an amended complaint to cure this deficiency.

## IV.     CONCLUSION

For the reasons set forth herein, Plaintiff's retaliation claim will be dismissed without prejudice to Plaintiff's ability to re-file if and when he succeeds in having his disciplinary conviction overturned. Service shall issue on Plaintiff's equal protection claim upon his filing of an amended complaint about that claim. An appropriate Order is filed herewith.

Todd Campbell
United States District Judge