IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ERIC QUALLS )
 )
 v. ) NO. 3:15-0270
 )
DEBRA JOHNSON, et al. )

TO: Honorable Todd J. Campbell, District Judge

# REPORT AND RECOMMENDATION

By Order entered May 7, 2015 (Docket Entry No. 13), this action was referred to the Magistrate Judge for pretrial proceedings under 28 U.S.C. §§ 636(b)(1)(A) and (B), Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is Defendants' motion for summary judgment (Docket Entry No. 67), to which Plaintiff has not responded.[1] For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. BACKGROUND

Eric Qualls ("Plaintiff") is former inmate of the Tennessee Department of Correction ("TDOC") who is no longer incarcerated.[2] He filed this action *pro se* and *in forma pauperis* on March 18, 2015, alleging that his federal constitutional rights were violated during his confinement

---

[1] Plaintiff was notified of the motion, warned of the consequences of not responding, and given a deadline of June 3, 2016, to file a response. *See* Docket Entry No. 84.

[2] On December 7, 2015, Plaintiff filed a change of address notice providing a free world address. *See* Docket Entry No. 72.

at the Turney Center Industrial Prison ("Turney Center") in 2014 and seeking relief under 42 U.S.C. § 1983. Although Plaintiff's lawsuit was originally filed against six individuals, pre-trial proceedings have narrowed the action to a Fourteenth Amendment equal protection claim against two Defendants: Mason Turnbow and Buddy Smith. *See* Memorandum and Order entered May 7, 2015 (Docket Entry Nos. 12-13), and Order entered November 4, 2015 (Docket Entry No. 67).

Plaintiff, who is black, alleges that he was prevented from participating in a prison work program at the Turney Center for the stated reason that prison disciplinary charges were pending against him, yet he alleges that white inmates with pending disciplinary charges were allowed to participate in the program. *See* Docket Entry No. 12 at 2-3, and Third Amended Complaint (Docket Entry No. 66) at 1-3. Upon Defendants filing their answer, *see* Docket Entry No. 71, a scheduling order was entered providing for a period of pretrial activity in the action.

By their motion for summary judgment, Defendants contend that there are no genuine issues of material fact in dispute and that they are entitled to judgment as a matter of law. Defendants assert that inmates at the Turney Center must have their names placed on a gate pass list in order to be allowed to go outside the prison perimeter fence for work duties and that pending disciplinary charges will prevent an inmate to work outside the perimeter fence. They admit that, on March 31, 2014, Plaintiff's name did not appear on the gate pass list and he was not permitted to be released for work duty outside the fence. However, they state that they had no role in determining what inmate names were on the gate pass list and no role in not placing Plaintiff's name on the list on the day in question. Defendants contend that they were merely the correctional officers responsible for reviewing and enforcing the gate pass list they were given. Defendants acknowledge that the name of a white inmate identified by Plaintiff as having a pending disciplinary charge was on the gate pass

2

list for March 31, 2014, but assert that, again, they had no role in compiling the gate pass list and merely enforced the list they were given. Defendant further note that the inmate's name did not appear on the gate pass list the next day. Defendants argue that there is no evidence supporting a claim that they took any type of impermissible action against Plaintiff, let alone that they took an unconstitutional action against him because of racial animus. Defendants support their motion with a Statement of Undisputed Material Facts (Docket Entry No. 80), with their own affidavits (Docket Entry Nos. 81 and 82), and with excerpts from Plaintiff's Deposition Transcript (Docket Entry No. 83).

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574,

587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

### III. ANALYSIS

Although Plaintiff's allegations were sufficient to permit the case to survive initial frivolity review under 28 U.S.C. §§ 1915 and 1915A, Plaintiff has not responded to the motion for summary judgment and has not responded to Defendants' Statement of Undisputed Facts as required by Rule 56.01(c) of the Local Rules of Court. When a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, such as the motion filed by Defendants, the non-moving party may not merely rest on allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 323-24; *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002); *Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934,

937 (6th Cir. 1989). As the Sixth Circuit has noted, when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on a critical issue. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989).

Plaintiff's *pro se* status does not relieve him of his obligation to set forth or point to admissible evidence showing that genuine issues of material fact exist which require that the action proceed to trial. This is the threshold requirement for all non-moving parties when summary judgment is sought by an opposing party. *Sixty Ivy St. Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987).

Because Plaintiff has not offered any actual evidence supporting his version of the facts, the only evidence in the record is that provided by Defendants. This evidence, even when viewed in the light most favorable to Plaintiff as the non-moving party, shows that Plaintiff was not subjected to differing treatment by Defendants because of an unlawful racial animus on their part, a showing that is required for his equal protection claim against them. *See McCleskey v. Kemp*, 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987); *Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977); *Henry v. Metropolitan Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990); *Joyce v. Mavromatis*, 783 F.2d 56, 57 (6th Cir. 1986). Furthermore, mere evidence of an isolated and minor incident of differing treatment among prison inmates is rarely sufficient to support a claim of unlawful discrimination. *See Tate v. Davis*, 2013 WL 53761, **2-3 (W.D. Mich. Jan. 3, 2013) (prisoner's allegations that discriminatory animus was behind his loss of a prison job did not support an equal protection claim); *Fletcher v. Chartrand*, 1989 WL 14015, *1 (6th Cir. Feb. 22, 1989) (allegations that prison guard selectively enforced disciplinary regulation on racial grounds was insufficient to state a claim for relief).

In the end, there is no evidence before the Court showing that Plaintiff was treated by Defendants in a manner that violated his constitutional rights. Based upon the evidence that is before the Court and in light of the complete lack of evidence from Plaintiff in support of his allegations, no reasonable jury could find in favor of Plaintiff on his claim and Defendants are entitled to summary judgment in their favor on the merits.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that the motion for summary judgment (Docket Entry No. 78) of Defendants Buddy Smith and Mason Turnbow be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge